UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA EBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-00274-AGF |
| | ) |
| CHELSIE WEBB, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Brenda Ebaugh's motion to remand Doc. No. 10.  Plaintiff filed this personal injury action in the Circuit Court of St. Charles County, Missouri on January 24, 2023.  Doc. No. 3.  On March 3, 2023, Defendants timely removed the case to this Court on the basis of diversity jurisdiction.  Doc. No. 1.  Plaintiff then filed a motion to remand, arguing that the amount in controversy requirement has not been met.  Doc. No. 10.  On April 19, 2023, the parties filed a joint stipulation for remand in light of Plaintiff's representation that she is not currently claiming more than $75,000 in damages.  Doc. No. 13.  For the reasons set forth below, the motion to remand is denied, subject to reconsideration.

### BACKGROUND

This case arises out of an incident that occurred on or about November 8, 2022.  Defendant Webb is the owner of a German Shepherd named Ruger.  On November 8,

2022, Webb was performing fiber optic work on a public road in the County of St. Charles in the scope and course of her employment with Defendant Atlas Group, LLC, and her dog was with her at the worksite in Webb's work truck.  Plaintiff alleges that Webb allowed her dog to escape from her work truck onto the public road, where he attacked Plaintiff, biting her right arm.

Plaintiff filed suit on the basis of strict liability and negligence per se, also asserting vicarious liability against Defendant Atlas.  Doc. No. 3 at 25, 33.  Plaintiff alleges that she sustained injuries to her right arm from the dog bite and, in connection, incurred costs for medical treatment; may in the future have to undergo further medical treatment and incur costs for the same; and has suffered and may continue to suffer future, pain, impairment and scarring in her right arm.  Doc. No. 3 at 9, 16, 26, 34.  Plaintiff prays for judgment "in excess of twenty-five thousand dollars ($25,000), for costs incurred herein, and for such other and further relief as the Court may deem just and proper." *Id.*

Defendants removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff moves to remand, alleging that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000.[1]  Doc. No. 10 at 9.  Plaintiff asserts that she is *currently* not claiming more than $75,000 in damages.  Doc. No. 10 at 8.  In support, Plaintiff submitted an email sent to Defendants on March 6, 2023, 3 days after removal, which says, "[d]emand is for $75,000."  Doc. No. 10-1.  In

---

[1]   Plaintiff does not dispute that there is complete diversity of citizenship between the parties.

response to Plaintiff's motion to remand, the parties filed a joint stipulation, specifically noting that in light of Plaintiff's representation that she "is currently not claiming more than $75,000," the parties agree that the matter should be remanded to St. Charles County.

## LEGAL STANDARD

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A federal court's jurisdiction is measured at the time of filing or, for a removed case, at the time of removal. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011).

Once a case has been removed to federal court, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020). The legal certainty standard requires plaintiff to show that the jurisdictional amount either cannot be awarded as a matter of law or that no reasonable jury could award damages totaling more than the jurisdictional amount. *Id.* Importantly, the question is not whether the actual damages or settlement demands are greater than the jurisdictional amount but whether a fact finder might legally conclude that they are. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). A plaintiff can meet the legal certainty requirement by submitting a "binding stipulation by affidavit or other binding declaration filed in both state and federal court limiting the

3

plaintiff's recovery of damages." *Bowen v. LM Gen. Ins. Co.,* No. 4:19 CV 931 JMB, 2019 WL 2372665, at *2 (E.D. Mo. June 5, 2019). "These affidavits have served to clarify the original pleading and establish to a legal certainty that the claim is for less that the requisite amount." *Elliott v. Valvoline (Ky.), LLC*, No. 4:18-CV-01341-AGF, 2018 WL 4853033, at *2 (E.D. Mo. Oct. 5, 2018).

## DISCUSSION

To begin, removal to this Court was proper despite Plaintiff's petition not explicitly seeking damages greater than the jurisdictional amount. Under 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading [is] deemed the amount in controversy." However, where "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). To assert the amount in controversy adequately in the removal notice, the defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not [include] evidentiary submissions." *Id*. at 89, 84.

As noted above, Plaintiff did not specify an amount sought for this claim. The amount in controversy was left open-ended with the qualifier that it be in excess of $25,000. Doc. No. 3 at 9, 16, 26, 34. Although in the motion to remand, Plaintiff clarified the amount demanded, the email stating the current demand was sent three days after removal of the case. At the time of removal, Defendants' notice of removal alleged a plausible belief that the amount in controversy exceeded the jurisdictional amount.

4

Defendants correctly point out that Plaintiff is not just seeking damages for her medical bills but also for possible future treatments and future pain, impairment, and scarring in her right arm.  Plaintiff's claims include future pain, impairment, and scarring which can only be measured subjectively.  The amount of damages awarded is decided by the jury, and how the jury weighs these subjective values will influence the amount awarded.  *See Jenkins v. McLean Hotels, Inc.*, 859 F.2d 598, 600 (8th Cir. 1988) ("[A]wards for pain and suffering are highly subjective and the assessment of damages is within the sound discretion of the jury…, especially when 'the jury must determine how to compensate an individual for an injury not easily calculable in economic terms.'" (quoting *Stafford v. Neurological Medicine, Inc.*, 811 F.2d 470, 475 (8th Cir.1987))).  Therefore, the jury can plausibly award more than the jurisdictional threshold.  Additionally, the language in neither the petition, the motion to remand, nor the demand email foreclose the possibility that Plaintiff will seek, much less recover, more than $75,000 in the future.  Therefore, the amount in controversy requirement was satisfied at the time of removal and removal to this Court was proper.

    Once a case has been properly removed to federal court, the party moving to remand the case must prove with legal certainty that the claim is for less than the jurisdictional amount.  *Turntine*, 959 F.3d at 881.  As defined above, legal certainty requires more than just a plausible allegation.  Plaintiff's motion to remand does not offer any authority stating that the jurisdictional amount cannot be awarded as a matter of law or evidence to support a claim that no reasonable jury would award such an amount.  The motion only notes that Plaintiff's medical expenses stand at $560.98 and that Plaintiff is

not *currently* claiming more than $75,000.  Doc. No. 10 at 7-8.  In fact, Plaintiff's current demand is for exactly $75,000.  "While a settlement demand letter may be considered as evidence of the jurisdictional minimum, such a letter "is not dispositive of the issue of the jurisdictional amount." *Joyce v. Wal-Mart Stores E. I, L.P.*, No. 18-00918-CV-W-ODS, 2019 WL 320596, at *2 (W.D. Mo. Jan. 24, 2019) (citations omitted); *see also Motal v. Allstate Prop. & Cas. Ins. Co.*, No. 22-1743, 2023 WL 3515690, at *1 (8th Cir. May 18, 2023) (noting that plaintiff's settlement demand of $17,076 did not establish to a legal certainty that plaintiff's claim was for less than $75,000).

A settlement demand is not binding upon the jury but can be indicative of what the Plaintiff expects to recover from the jury.  *See, e.g., Weber v. Hamman*, No. 08-3272-CV-S-RED, 2009 WL 10671566, at *2 (W.D. Mo. Jan. 5, 2009) (noting that a settlement demand reflects the amount that is less than what the plaintiff expects the jury to award at trial.)  In this case, even a dollar more would establish jurisdiction for this court.  Accordingly, Plaintiff's statements and "current" demand do not establish to a legal certainty that the amount in controversy requirement has not been met.

Specifically, a non-binding statement that Plaintiff is not *currently* claiming more than the jurisdictional amount does not provide a basis for "the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000." *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746 MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010); *see Spence v. Supervalu, Inc.*, No. 4:10 CV 1847 RWS, 2011 WL 806412, at *1-2 (E.D. Mo. Mar. 2, 2011) (explaining that the plaintiff's affidavit limiting recovery must both state that plaintiff "would not seek and

6

would not accept greater than $75,000 in state court and…[plaintiff] would be bound by the affidavit in state court" for the court to conclude that the case will not meet the jurisdictional minimum.)  A non-binding settlement demand neither precludes awarding the jurisdictional threshold as a matter of law nor does it restrict the jury from awarding the amount.  Further, as Plaintiff's demand letter states, Plaintiff is only *currently* demanding $75,000.  Without a binding stipulation limiting recovery, the demand letter does not prohibit Plaintiff from demanding more damages in the future.  Moreover, because the demand was sent three days after removal, it creates the assumption that the settlement demand was chosen specifically to divest this court of jurisdiction.  In light of these considerations, the Court finds on this record that the amount in controversy at the time of removal plausibly exceeds $75,000.  Although Plaintiff now only claims exactly $75,000 in damages, she has offered the Court no binding assurances that that demand will not increase in the future or that she won't accept an award greater than $75,000.

Further, the parties' joint stipulation does not divest this Court of jurisdiction.  Once the case is properly removed, subject matter jurisdiction attaches at the time of removal and is no longer discretionary.  *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 240-41 (5th Cir. 2009).  A stipulation simply does not provide an independent basis for remand.  *See Lawrence v. Fairfield Processing Corp.*, No. 4:22-CV-00985-SRC, 2022 WL 10423622, at *2 (E.D. Mo. Oct. 18, 2022) ("[T]he Court lacks authority to remand the case on the sole grounds that they consent to remand."); *Blake v. ACE Am. Ins. Co.*, No. CIVA 2:07-CV-00620, 2008 WL 687449, at *3 (S.D.W. Va. Mar. 11, 2008)

7

("Nevertheless, [the court] cannot remand a case simply because the parties have come to an understanding after removal.").

In light of these considerations, the Court finds that Plaintiff has not established with legal certainty that the amount in controversy will not exceed the jurisdictional requirement and that Defendants established that the amount in controversy at the time of removal plausibly exceeded $75,000.  As such, the Court finds that it retains diversity jurisdiction over this matter.  To the extent Plaintiff can establish to a legal certainty that the amount in controversy will not exceed $75,000, the Court will reconsider Plaintiff's motion to remand.  As noted above, any such affidavit submitted by Plaintiff must state both that Plaintiff will not seek or accept an award greater than $75,000 in state court and that Plaintiff will be bound by the affidavit in state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED without prejudice**.  Doc. No. 10.

**IT IS FURTHER ORDERED** that to the extent Plaintiff can establish to a legal certainty that the amount in controversy does not exceed $75,000, she shall show cause in writing within **14 days** of this order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2023

8